**ZENITH INSURANCE COMPANY,**
**Petitioner,**

v.

**Carmen AYALA, Respondent.**

No. 09–0292.

Supreme Court of Texas.

June 11, 2010.

Rehearing Denied Dec. 3, 2010.

John V. Fundis, Downs & Stanford, P.C., Dallas, Don Rynn Freiling, Law Office of Robert Yates, Irving, David L. Swanson, and Jane Lipscomb Stone, Stone Loughlin & Swanson, LLP, Austin, for Petitioner.

Leslie R. Casaubon, The Casaubon Firm, L.L.P., Lewisville, Wm. Randell Johnson, Law Offices of Wm. Randell Johnson, Plano, Bradley Dean McClellan, and Richard Pena, Law Offices of Richard Pena, P.C., Austin, for Respondent.

PER CURIAM.

In this workers' compensation case, the court of appeals concluded that the carrier waived its right to dispute the extent of the claimant's compensable injury by failing to adhere to Texas Labor Code section 409.021(c)'s sixty-day deadline. 325

S.W.3d 209. We recently held that the sixty-day period for challenging compensability does not apply to a dispute over extent of injury. *State Office of Risk Mgmt. v. Lawton*, 295 S.W.3d 646, 649–50 (Tex.2009). In light of *Lawton*, we reverse the court of appeals' judgment and remand this case to the trial court for further proceedings.

On January 23, 2006, Carmen Ayala injured her lower back when a window fell on her at work. Ayala was originally diagnosed with a back sprain/strain. On March 1, Zenith received notice of Ayala's injury and commenced paying benefits. On April 13, Ayala's original diagnosis was revised to include lumbar radicular syndrome. A week later, her diagnosis was again amended to also include lumbar spondylolisthesis.[1] To treat Ayala, physicians recommended an epidural steroid injection, a procedure requiring Zenith's preauthorization. On April 27, Zenith preauthorized the treatment, and the injection was performed. On July 28, Zenith notified Ayala that it was disputing her entitlement to benefits for the lumbar condition because the condition was degenerative and not the result of the January 23 injury.

The Texas Department of Insurance, Division of Workers' Compensation (the Division), held a contested case hearing to determine whether Ayala's compensable injury included the lumbar condition and whether Zenith had waived its right to contest compensability by not complying with Labor Code section 409.021(c)'s deadline. The parties stipulated that: (1) Ayala sustained a compensable injury; (2) Zenith received notice of Ayala's injury on March 1; (3) Zenith was not contesting compensability; and (4) Zenith did not dispute that the compensable injury included the lumbar condition until July 28. The hearing officer concluded that, although Ayala failed to prove the compensable injury event was a producing cause of the lumbar condition, it was nevertheless compensable because Zenith failed to dispute compensability within sixty days after it received notice of Ayala's initial injury. The Division appeals panel affirmed, and Zenith sought judicial review.

On competing motions for summary judgment, the trial court held Zenith waived its right to contest compensability by not timely disputing the lumbar condition diagnosis in accordance with Labor Code section 409.021. Thus, the compensable injury extended to include the lumbar condition. The court of appeals affirmed. 325 S.W.3d 209. We reverse.

In *Lawton*, we answered the same issue presented today: "whether the sixty-day period for challenging compensability of an injury also applies to a dispute over the extent of injury, if the basis for that dispute could have been discovered by a reasonable investigation within the waiver period." *Lawton*, 295 S.W.3d at 647. We held that section 409.021(c)'s sixty-day deadline[2] applies only to compensability disputes, not disputes over the extent of an injury.[3] *Id.* at 649–50. Instead, when a

---

1. The diagnoses of lumbar radicular syndrome and lumbar spondylolisthesis will collectively be referred to as the "lumbar condition."

2. Labor Code section 409.021(c) provides, in pertinent part:

   If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability.

   TEX. LAB.CODE § 409.021(c).

3. In doing so, we relied on Administrative Rule 124.3(e) and the Division's own "reasoned justification" for the Rule. *See State Office of Risk Mgmt. v. Lawton*, 295 S.W.3d

carrier disputes extent of injury, it "has up to forty-five days from the date it receives a complete medical bill to dispute whether that treatment was necessary." *Id.* at 650.

Ayala argues that *Lawton* is inapplicable because this is not an extent of injury dispute, but rather a compensability case. We disagree. As the Division explains:

> When a carrier disputes the extent of an injury, it is not denying the compensability of the claim as a whole, it is disputing an aspect of the claim.... [A] dispute involving extent of injury is a dispute over the amount or type of benefits, specifically, medical benefits, to which the employee is entitled (i.e. what body areas/systems, injuries, conditions, or symptoms for which the employee is entitled to treatment); it is not a denial of the employee's entitlement to benefits in general.

25 Tex. Reg. 2096, 2097 (2000)(*quoted in Lawton,* 295 S.W.3d at 649). Here, Zenith agreed that Ayala's initial injury, a back sprain/strain, was compensable; Zenith disputed only the subsequently added diagnoses. This mirrors the Division's conception of an extent of injury dispute as well as the facts of *Lawton*[4]:

> [A]n employee may have injured his arm and then several months later the doctor begins to treat the shoulder as well and the carrier does not believe that the shoulder is part of the compensable injury. In this situation, [a carrier is required] to ... file the notice of dispute of extent of injury not later than the date that the carrier is required to ei-

ther pay or deny the medical bill which included the treatment for the shoulder (45 days from the date the complete bill was received by the carrier).

25 Tex. Reg. at 2097. Thus, unlike compensability, extent of injury disputes arise when the carrier believes additional conditions are unrelated to the compensable injury. Because this is an extent of injury dispute, section 409.021(c)'s sixty-day deadline does not apply, and Zenith "has up to forty-five days from the date it receives a complete medical bill to dispute whether [the] treatment [for the lumbar condition] was necessary." *Lawton,* 295 S.W.3d at 650.

■ Ayala also asserts that this case is distinguishable from *Lawton* because, here, Zenith preauthorized the epidural steroid injection to treat Ayala. We disagree. Under Division rules, a "carrier shall approve or deny requests [for preauthorization] based solely upon the medical necessity of the health care required to treat the injury, regardless of: (1) unresolved issues of compensability, extent of or relatedness to the compensable injury; (2) the carrier's liability for the injury; or (3) the fact that the employee has reached maximum medical improvement." 28 Tex. Admin.Code § 134.600(h). Preauthorization does not, in and of itself, make the carrier liable. *See id.* § 134.600(d) ("The carrier is not liable ... if there has been a final adjudication that the injury is not compensable or that the health care was provided for a condition unrelated to the

---

646, 648–49 (Tex.2009); *see also* 25 Tex. Reg. 2096, 2096 (2000) (noting that, as required by statute, "the [Division]'s reasoned justification for this rule is set out in this order"). Both state that Labor Code section 409.021 does not apply to disputes regarding extent of injury. *See* 28 Tex. Admin.Code § 124.3(e); 25 Tex. Reg. at 2097. Rule 124.3(e) also sets separate deadlines for disputing the extent of

the compensable injury. *See* 28 Tex. Admin.Code § 124.3(e).

4. In *Lawton,* the carrier agreed that Lawton's injury, a left knee contusion and strain, was compensable, but disputed whether a later diagnosis of degenerative joint disease was included in the compensable injury. *Lawton,* 295 S.W.3d at 647, 649.

compensable injury."). Instead, preauthorization merely precludes a carrier from later disputing the medical necessity of the treatment. *See* Tex. Lab.Code § 413.014(e). A carrier, upon receipt of the bill for preauthorized treatment, may still argue that the condition treated is not related to the compensable injury. *See* 28 Tex. Admin.Code § 134.600(d). As the Division explains:

> Preauthorization decisions are to be made entirely based upon medical necessity of the treatment of the condition proposed to be treated. Issues associated with extent of injury, compensability of the injury, or liability for the claim are separate from the issue of whether a given treatment or service is medically necessary. That is why approval of a preauthorization request does not make a carrier liable for payment if the carrier successfully challenges the extent of injury/compensability/liability issue.

25 Tex. Reg. at 2101. Thus, Zenith's preauthorization does not preclude Zenith from disputing extent of injury in this case.

Because this dispute involves extent of injury, rather than compensability, section 409.021(c)'s sixty-day deadline is inapplicable. Without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. Tex.R.App. P. 59.1, 60.2(d).