**AFFIRM; and Opinion Filed January 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01579-CV

### AARON S. HOLMES, DALLAS SPINE CARE P.A.,
### DR. ERNEST A. AQUI, M.D., AND PINE CREEK MEDICAL CENTER, Appellants
### V.
### ZURICH AMERICAN INSURANCE COMPANY AND
### GALLAGHER BASSETT SERVICES, INC., Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-06438**

## OPINION
Before Justices Lang-Miers, Fillmore, and Brown[1]
Opinion by Justice Brown

In this workers' compensation case, appellants Aaron S. Holmes, Dallas Spine Care P.A.,

Dr. Ernest A. Aqui, M.D., and Pine Creek Medical Center appeal the trial court's summary

judgment in favor of appellees Zurich American Insurance Company and Gallagher Bassett

Services, Inc. This case arises out of Zurich's denial of payment for Holmes's spinal surgery.

Because we conclude appellants failed to exhaust their administrative remedies under the Texas

Workers' Compensation Act, we affirm the trial court's judgment.

---

[1] The Honorable Mary L. Murphy was a member of the panel at the time this case was submitted. Due to her resignation from this Court on June 7, 2013, she did not participate in deciding this case. She was replaced on the panel by Justice Ada E. Brown. TEX. R. APP. P. 41.1(a).

In February 2007, Holmes injured his back while working as a tire-lube technician. Zurich, the workers' compensation insurance carrier for Holmes's employer, accepted that Holmes suffered a low back sprain/strain, but disputed any other injuries. In February 2008, Holmes and Zurich participated in a benefit review conference to resolve the dispute over the extent of Holmes's injury but were unable to reach an agreement. Thereafter, a benefit contested case hearing was held to determine if the compensable injury included a 2mm disc protrusion at L5-S1, L4-L5 bilateral radiculopathy, and L5-S1 left radiculopathy. In an order issued May 8, 2008, the hearing officer for the Division of Workers' Compensation (DWC) concluded that the compensable injury included a 2mm disc protrusion at L5-S1, but did not include L4-L5 bilateral radiculopathy or L5-S1 left radiculopathy.

As required by the Texas Workers' Compensation Act (the Act), Holmes sought pre-authorization for spinal surgery, which was initially denied. Holmes then sought medical dispute resolution with the DWC. On September 26, 2008, an Independent Review Organization (IRO) overturned the denial of preauthorization, finding that the requested procedure was medically necessary.[2] On October 30, 2008, Holmes underwent spinal surgery. Dr. Robert Henderson with appellant Dallas Spine Care, P.A. performed the surgery at Pine Creek Medical Center, another appellant. Appellant Dr. Aqui was the anesthesiologist. When it was billed for the surgery, Zurich refused to pay on the grounds that the surgery exceeded the scope of the compensable injury. Zurich's position is that, in addition to repairing the compensable disc protrusion, the spinal surgery also repaired other non-compensable injuries.

Appellants sued Zurich and Gallagher Bassett, a third-party administrator of claims for Zurich, asserting causes of action for statutory and common-law bad faith, fraud, and

---

[2] Specifically, the neurosurgeon who reviewed the case found that "medical necessity exists for Anterior Interbody Fusion L5-S1; Retroperitoneal exposure and discectomy L5-S1; Anterior Interbody Fixation L5-S1; Posterior decompression L5-S2; Transverse process fusion L5-S1, Posterior Internal fixation L5-S1; Bone Graft Allograft, Bone Graft Allograft in situ, Bone graft Autograft illiac [sic] crest; Bone marrow aspirate; inpatient 3-day stay."

enforcement of a final order of the DWC. Zurich and Gallagher Bassett filed separate motions for summary judgment. Zurich moved for summary judgment on six grounds, one of which was that appellants failed to exhaust their administrative remedies regarding payment of the surgical bills. Gallagher Bassett moved for summary judgment on the sole ground that it owed no duty of good faith and fair dealing to appellants. The trial court granted both motions for summary judgment. This appeal followed.

At oral argument, appellants conceded that the Texas Supreme Court's decision in *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012), resolves their appeal as to appellee Gallagher Bassett in Gallagher Bassett's favor. *See id.* at 450-51(abolishing common-law duty of good faith and fair dealing in workers' compensation context). Appellants also acknowledged at oral argument that in light of *Ruttiger*, which held that there are no causes of action for an on-the-job injury outside the administrative process and remedies set forth in the Act, they no longer have claims outside the Act against Zurich. *See id.* Their only possible cause of action is for the enforcement of final orders of the DWC. *See* TEX. LAB. CODE ANN. § 410.208 (West 2006). Therefore, we proceed only on the issue of whether the trial court erred in granting summary judgment for Zurich as to appellants' cause of action for judicial enforcement of a final order of the DWC.

As stated, Zurich moved for summary judgment on the ground that appellants failed to exhaust their administrative remedies with the DWC, among other things. Appellants counter that there are two final orders from the DWC subject to judicial enforcement, one on compensability and one on medical necessity. They point to the May 2008 order following the benefit contested case hearing in which it was determined the compensable injury included a disc protrusion at L5-S1. They also point to the September 2008 decision of the IRO in which it was determined that Holmes's requested surgery was medically necessary.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard for reviewing a traditional motion for summary judgment under rule 166a(c) is well established. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985); *see* TEX. R. CIV. P. 166a(c). The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548-49. In deciding whether a material fact issue exists, evidence favorable to the non-movant will be taken as true. *Id.* at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006); *Thomas v. Am. Home Assurance Co.*, 403 S.W.3d 512, 517 (Tex. App.—Dallas 2013, no pet.). If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Thomas*, 207 S.W.3d at 340; *Liberty Ins. Corp. v. Camero*, 360 S.W.3d 620, 622-23 (Tex. App.—Dallas 2011, no pet.); *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 661 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The exhaustion doctrine serves to ensure that the administrative process has run its course. *City of Houston v. Rhule*, No. 12-0721, 2013 WL 6164437, at *2 (Tex. Nov. 22, 2013). The intent is never to deprive a party of legal rights; rather, the doctrine aims to ensure an orderly procedure to enforce those rights. *Id.*

In the context of workers' compensation, the Act vests the power to award compensation benefits solely in the DWC, subject to judicial review. *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001); *see In re Tex. Mut. Ins. Co.*, 321 S.W.3d at 661. The DWC has jurisdiction of disputes over income benefits, preauthorization of medical care, and

–4–

reimbursement of medical expenses. *Fodge*, 63 S.W.3d at 803. Because only the DWC can determine a claimant's entitlement to compensation benefits, it follows that allowing courts to award damages for wrongful deprivation of benefits would circumvent the DWC's jurisdiction and therefore is not permitted. *Id.* at 804. A court cannot award damages for a denial in payment of compensation benefits without a determination by the DWC that such benefits were due. *Id.* To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would circumvent the DWC's exclusive authority to decide that issue. *Id.*

There are two general types of dispute resolution under the Act. *Thomas*, 403 S.W.3d at 518. One involves disputes relating to compensability and extent of injury, and the other involves disputes relating to medical necessity or preauthorization for particular treatments. *Id.* If both types of disputes are present, a claimant may exhaust administrative remedies applicable to one, but fail to exhaust administrative remedies regarding the other. *Id.; see In re Tex. Mut. Ins. Co.,* 321 S.W.3d at 662-63.

We first address whether the IRO decision that the spinal surgery was medically necessary constitutes a final order which obligates Zurich to pay for the surgery. At oral argument appellants asserted that if Zurich thought the surgery would repair non-compensable injuries, it needed to appeal the IRO decision. We disagree.

Chapter 413 of the Act addresses disputes regarding the medical necessity of a health care service. Certain medical treatments or services, including spinal surgery, require the carrier's prior authorization. TEX. LAB. CODE ANN. § 413.014 (c)(1) (West 2006). When as in this case a question arises about whether a medical procedure is medically necessary, a review shall be conducted by an IRO. TEX. LAB. CODE ANN. § 413.031(d) (West Supp. 2012). A carrier shall approve or deny requests for preauthorization based solely on the medical necessity

of the care required to treat the injury, without regard to unresolved issues of compensability or extent of or relatedness to the compensable injury. *Zenith Ins. Co. v. Ayala*, 325 S.W.3d 176, 178 (Tex. 2010); *see* 28 TEX. ADMIN. CODE § 134.600(h) (2013) (Tex. Dep't of Ins., Preauthorization, Concurrent, Review, and Voluntary Certification of Health Care). Preauthorization does not, in and of itself, make the carrier liable. *Zenith*, 325 S.W.3d at 178. Preauthorization merely precludes a carrier from later disputing the medical necessity of the treatment. *Id.* at 179; *see State Office of Risk Mgmt. v. Adkins*, 347 S.W.3d 394, 402 (Tex. App.—Dallas 2011, no pet.). A carrier, upon receipt of the bill for preauthorized treatment, may still argue that the condition is not related to the compensable injury. *Zenith*, 325 S.W.3d at 179; *see also Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 396 n.2 (Tex. 2000) (when carrier denies payment of medical benefits on basis that injury is not compensable, general dispute resolution procedures of Chapter 410 apply rather than Chapter 413).

Here, the IRO decision is final as to whether Holmes's surgery was medically necessary. But whether the surgery was medically necessary is not in dispute in this case; rather the dispute concerns whether the medically necessary surgery repaired only injuries that were found to be compensable. The IRO decision is a determination that the surgery was medically necessary for Holmes. It is not a medical report on causation. Even though the surgery was preauthorized as medically necessary, Zurich was not automatically liable for the cost of surgery. It was still entitled to dispute that the surgery was related to the compensable injury. *See Zenith,* 325 S.W.3d at 179. We conclude the IRO decision was not a final order regarding whether or to what extent the surgery was related to the compensable injury.

Appellants also contend the May 2008 order of the DWC hearing officer following the benefit contested case hearing is a final order that requires Zurich to pay for Holmes's spinal surgery. That order determined that Holmes's compensable injury included a disc protrusion at

L5-S1, but did not include any radiculopathy. Neither party appealed the order. Appellants contend this order required Zurich to pay for the surgery because the surgery was to repair a compensable injury.

Chapter 410 of the Act addresses disputes regarding compensability and extent of injury. *Thomas*, 403 S.W.3d at 518. This chapter provides a four-step dispute resolution process. *Ruttiger*, 381 S.W.3d at 437; *Thomas*, 403 S.W.3d at 518. First, the parties participate in a benefit review conference before a hearing officer to mediate and resolve disputed issues by agreement of the parties. *Thomas*, 403 S.W.3d at 518; *see* TEX. LAB. CODE ANN. §§ 410.021-.034 (West 2006 & Supp. 2012). Second, a party may seek a contested case hearing with the DWC to decide any issues not resolved through the benefit review conference. *Thomas*, 403 S.W.3d at 518. In the third step, the party who loses at the contested case hearing may seek review by an administrative appeals panel. *Id.* Finally, a party may seek judicial review of issues regarding final decisions of disputes adjudicated by the DWC. *Id.* A claimant is not, however, required to continue through every step because the provisions of the Act contemplate that disputes may be resolved at any level. *Id.* at 518-19.

We agree the May 2008 order was a final determination that Holmes's disc protrusion at L5-S1 was a compensable injury. However, Zurich denied payment for the surgery on grounds that the surgery exceeded the scope of the compensable injury. Nothing in the record shows that the surgery was only to repair the L5-S1 protrusion.[3]

The exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court must address those

---

[3] In fact, at oral argument, appellants seemed to acknowledge the surgery did not repair only the L5-S1 protrusion. Counsel stated that surgical repair of Holmes's protrusion necessarily repaired two other issues he was having, namely radiculopathy and spinal stenosis. In other words, he stated it was impossible to surgically repair the compensable injury without repairing the non-compensable injuries. There is no evidence in the record on this issue. Even if appellants are correct, this was an issue to be ruled on first by the DWC, not the trial court.

issues. *See In re Tex. Mut. Ins. Co.,* 321 S.W.3d at 661. Here, after Zurich denied payment for the surgery, appellants did not give the DWC the opportunity to make a determination that the surgery Holmes underwent was solely for the compensable injury. Further, if the surgery was not solely for the repair of the compensable injury, appellants did not give the DWC the opportunity to determine what portion of the surgical fees were related to the compensable injury. It was for the DWC to determine appellants were entitled to payment for the surgery before such a claim could be judicially enforced. Because there was a dispute about whether the surgery repaired only the compensable injury and appellants did not present this dispute to the DWC for medical dispute resolution, we cannot say that the May 2008 order amounted to a determination that Zurich was obligated to pay for the surgery.

Without a determination by the DWC that the surgery repaired only the compensable injury, neither the IRO decision nor the May 2008 order required Zurich to pay Holmes's surgical bills. Because the DWC did not have the opportunity to determine whether Zurich was required to pay for Holmes's surgery, we conclude appellants failed to exhaust their administrative remedies before bringing this suit. We overrule appellants' issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

111579F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON S. HOLMES, DALLAS SPINE
CARE P.A., DR. ERNEST A. AQUI, M.D.,
AND PINE CREEK MEDICAL CENTER,
Appellants

No. 05-11-01579-CV        V.

ZURICH AMERICAN INSURANCE
COMPANY AND GALLAGHER
BASSETT SERVICES, INC., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-06438.
Opinion delivered by Justice Brown.
Justices Lang-Miers and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees ZURICH AMERICAN INSURANCE COMPANY AND
GALLAGHER BASSETT SERVICES, INC. recover their costs of this appeal from appellants
AARON S. HOLMES, DALLAS SPINE CARE P.A., DR. ERNEST A. AQUI, M.D., AND
PINE CREEK MEDICAL CENTER.

Judgment entered this 22nd day of January, 2014.

/Ada Brown/
ADA BROWN
JUSTICE