

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-13-00381-CV

WENDELL H. TAYLOR, APPELLANT

V.

LUBBOCK REGIONAL MHMR,
AND JI SPECIALTY SERVICES, INC., APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-501,151, Honorable William C. Sowder, Presiding

October 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Wendell H. Taylor, appearing *pro se,* appeals the trial court's summary judgment disposing of all his claims against appellees Lubbock Regional MHMR and JI Specialty Services, Inc.[1]  We will affirm the judgment of the trial court.

---

[1] The original answer of Specialty Services states it is "a third-party administrator serving as an agent for the Texas Council Risk Management Fund . . . ."

Background

In February 2009, while acting in the course and scope of his employment with MHMR, Taylor sustained a compensable injury. MHMR is a self-insured governmental entity for purposes of the Texas Workers' Compensation Act. It initiated benefits related to the compensable portion of Taylor's injury. Taylor subsequently alleged his compensable injury extended to and included chronic pain, facet arthrosis, disc pathology, fibromyalgia, hyper reflexive, sleep problems, and osteoporosis.

On December 1, 2011, the Texas Department of Insurance-Workers' Compensation Division conducted a contested case hearing to determine if Taylor's injury extended to the conditions he alleged. The dispute was resolved against Taylor. Among the findings of fact, the hearing examiner found: "[Taylor] failed to establish that he has been diagnosed with chronic pain, facet arthrosis, disc pathology, fibromyalgia, hyper reflexive, sleep problems and osteoporosis," and "Chronic pain, facet arthrosis, disc pathology, fibromyalgia, hyper reflexive, sleep problems and osteoporosis did not arise out of or naturally flow from the compensable injury of February 10, 2009." The appeals panel adopted the decision by notice in February 2012.

Taylor filed suit in district court, naming as defendants Specialty Services, MHMR, Texas Council Risk Management Fund and the Division. The allegations included statutory and common-law tort claims. With the exception of the claim seeking judicial review of the appeals panel's decision, the trial court sustained pleas to the jurisdiction in favor of each defendant. Taylor pursued an interlocutory appeal of the

orders. We affirmed the trial court's orders except for Taylor's "bad faith" claims against Specialty Services, which we remanded.[2]

In the trial court after remand, Specialty Services and MHMR each filed no-evidence motions for summary judgment. Eight days before the summary judgment hearing, Taylor filed an eighteen-page document entitled "Exhibit List."[3] It contains a lengthy catalogue of documents interspersed with argument, a concluding argument, and a request for total damages of $6,390,000. Specialty Services and MHMR filed objections to Taylor's exhibit list. After hearing the parties' arguments the trial court signed an order sustaining the evidentiary objections, granting the motions for summary judgment, and "disposing of all claims asserted herein by all parties."

## Analysis

### Taylor's Briefing on Appeal

Specialty Services and MHMR argue Taylor waived presentation of any issues on appeal because of deficiencies in his appellate brief. They assert, "From the brief, it is impossible to decipher if Taylor believes the trial court erred and, if so, why." We agree that Taylor's brief is difficult to follow. Nevertheless, it is clear that Taylor contests the trial court's grant of summary judgment and our resolution of the matter is a question of law subject to *de novo* review. We will therefore address the merits of the appeal. *See* TEX. R. APP. P. 38.9; *Taylor,* 2013 Tex. App. Lexis 137, at *4 and n.4

---

[2] *Taylor v. Lubbock Reg'l MHMR,* No. 07-12-00232-CV, 2013 Tex. App. LEXIS 137 (Tex. App.—Amarillo Jan. 8, 2013, pet. denied) (mem. op.).

[3] The document is subtitled, "EXHIBITS on file and exchanged since onset for ORAL Hearing 8/23/13, (Plaintiff's Objection Is on record, filed well within the 21 days allowed." (sic)

(stating that while a *pro se* brief is liberally construed we hold a *pro se* litigant to the same standards as a licensed attorney, requiring compliance with applicable laws and rules of procedure).

Was Summary Judgment Proper?

On appeal, Taylor challenges the trial court's rendition of summary judgment in favor of Specialty Services and MHMR but does not complain of the ruling on the objections to his summary judgment evidence.[4]

*Taylor's Summary Judgment Proof*

Taylor's exhibit list displays some similarity to a summary judgment response. But standing alone it is not competent summary judgment evidence. *Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000 pet. denied) ("It is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof"). Further, admissible summary judgment evidence was not attached or referenced. TEX. R. CIV. P. 166a(f) (form of affidavits), 166a(d) (use of products of discovery not on file with the clerk).

Even were the identified documents properly filed in response to the summary judgment motions, they could not be considered in our review of the summary judgment unless Taylor successfully challenged the trial court's evidentiary ruling in this appeal. *See Sauls v. Munir Bata, LLC,* No. 02-14-00208-CV & No. 02-14-00214-CV, 2015 Tex.

---

[4] Before the record was filed Taylor filed documents in this court entitled "Petition" and "Appeals Motion." Specialty Services and MHMR filed a response. We have considered each of these filings along with Taylor's brief. Any relief requested by Taylor in his Petition and Appeals Motion, beyond that requested in his appellate brief, is denied.

4

App. LEXIS 5950, at *13-14 (Tex. App.—Fort Worth June 11, 2015, no pet. h.) (mem. op.) ("Under a summary-judgment review, we may not consider struck portions of the record because such evidence is not a part of the summary-judgment record"). But Taylor did not assign as error on appeal that the trial court abused its discretion by sustaining the evidentiary objections of Specialty Services and MHMR. *See In re E.A.F.,* 424 S.W.3d 742 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error"); TEX. R. APP. P. 38.1(f) ("The brief must state concisely all issues or points presented for review").

We find the summary judgment record the trial court considered, and now before this court, contains no evidence controverting the no-evidence motions of Specialty Services and MHMR.

*Standard of Review*

We review summary judgments *de novo. Nall v. Plunkett,* 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). In so doing, we examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.,* 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson,* 168 S.W.3d 802, 824-25 (Tex. 2005).

When a movant files a no-evidence motion in proper form under rule 166a(i), the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Mack*

5

*Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006); Tᴇx. R. Cɪv. P. 166a(i). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd,* 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

*Specialty Services' Motion*

In its no-evidence motion Specialty Services asserts, "Taylor can produce no evidence of a contractual relationship with [Specialty Services] that he is privy to." Elsewhere the motion states, "there is no evidence that [Specialty Services] may have breached any tort duty of care that might exist in favor of Taylor." Taylor's bad faith claim against Specialty Services arises from actions taken in connection with his attempts to obtain compensation benefits. *Taylor,* 2013 Tex. App. LEXIS 137, at *7.

It appears the cause of action Taylor alleges against Specialty Services is not recognized by Texas law. *See Texas Mutual Insurance Co. v. Ruttiger,* 381 S.W.3d 430, 433 (Tex. 2012) (op. on reh'g) (concluding "claims against workers' compensation insurers for unfair settlement practices may not be made under the Insurance Code, but . . . claims under the Insurance Code may be made against those insurers for misrepresenting provisions of their policies," and holding "an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against

6

a workers' compensation carrier"); *Holmes v. Zurich Am. Ins. Co.,* 421 S.W.3d 766, 769 (Tex. App.—Dallas 2014, pet. denied) (recognizing *Ruttiger's* preclusion in context of claim that third-party administrator breached duty of good faith and fair dealing). Further, whether Taylor alleges Specialty Services breached a duty arising in contract or in tort, we find it specifically challenged an element of Taylor's bad faith claim. And Taylor did not respond with evidence supporting the challenged element of his claim. Thus summary judgment in favor of Specialty Services was proper.

*MHMR's Motion*

MHMR asserts in its no-evidence motion, "In order to raise a question of fact to establish that his compensable injury extends to and includes chronic pain, facet arthrosis, disc pathology, fibromyalgia, hyper reflexive, sleep problems, and osteoporosis, Taylor must establish the existence of each claimed condition based upon reasonable medical probability and, further, must also establish causation relating to the work duties with competent expert testimony." The motion also contends, "Taylor cannot present or produce any competent expert testimony relating to causation." These statements challenge the existence of evidence of causation, and because we find no evidence of causation in the summary judgment record, we conclude the trial court properly granted summary judgment in favor of MHMR. *See McClure v. Amerisure Ins. Co.,* No. 02-07-00035-CV, 2008 Tex. App. LEXIS 6242, at *8-11 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (mem. op.) (finding in injured worker's extent-of-injury case trial court correctly granted carrier's no-evidence motion for summary judgment when, after carrier's evidentiary objection was sustained, summary judgment record contained no evidence of causation).

Conclusion

For the reasons discussed, the trial court did not err in granting summary judgment in favor of Specialty Services and MHMR. The judgment of the trial court is affirmed.

James T. Campbell
Justice