**Opinion issued March 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00973-CV

———————————

## IN RE PAULA MILLER, Relator

---

### Original Proceeding on Petition for Writ of Prohibition

---

## O P I N I O N

In this proceeding ancillary to a common-law marriage determination, Paula Miller, the relator, has filed a petition for writ of prohibition, asking that we enjoin the trial court from ruling upon a request to cancel a lis pendens filed on a tract of commercial property located in Brazoria County.[1] We deny the petition.

---

[1] The underlying case is *JAS Family Limited Partnership #4 Ltd. v. Paula Miller*, cause number 65767, pending in the 149th District Court of Brazoria County, Texas, the Honorable Terri Holder presiding.

## Background

Miller has filed for a divorce against James Prince in Harris County, seeking dissolution of a common-law marriage and distribution of the community estate. Miller claims that the Brazoria County property belongs to the alleged community estate. To protect her interest, she placed a lis pendens on the Brazoria County property, which constructively discloses the pendency of the Harris County suit in the real property records. The Harris County trial court ruled that no common-law marriage existed between Miller and Prince. It severed the parties' remaining claims and set them for trial. Miller appealed the trial court's order; her appeal from the Harris County trial court's order is pending before us in Cause No. 01-13-00243-CV.

Meanwhile, the JAS Family Limited Partnership #4, Ltd., the real party in interest and record owner of the disputed property, sued Miller in Brazoria County, seeking a declaratory judgment cancelling Miller's lis pendens. In this proceeding, Miller asks that we enjoin the Brazoria County Court from conducting a hearing or ruling on JAS's request for declaratory relief until our Court determines Miller's appeal of the Harris County Court's informal marriage determination. Miller contends that Brazoria County Court lacks "subject-matter jurisdiction to cancel the lis pendens and to permit the sale of the real property until this Court fully adjudicates the divorce issues on appeal." (Pet. at 4).

2

## Discussion

*Standard of review*

A writ of prohibition is a limited-purpose remedy. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). It is available to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding)*; Sivley v. Sivley*, 972 S.W.2d 850, 862–63 (Tex. App.—Tyler 1998, orig. proceeding). But prohibition is not appropriate relief when other remedies, like an appeal, are available and adequate. *See In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding). Its extraordinary nature requires caution in its use. *See In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). The writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by a trial court; rather, the threat of jurisdictional interference must be imminent. *In re Barbee*, No. 12-09-00165-CV, 2010 WL 3341518, at *3 (Tex. App.—Tyler Aug. 25, 2010, orig. proceeding) (mem. op.); *In re Castle Tex. Prod.,* 189 S.W.3d at 403.

3

*Applicable law*

A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed. The doctrine is codified in Section 12.007(a) of the Texas Property Code:

> [D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

TEX. PROP. CODE ANN. § 12.007(a) (West Supp. 2013). "Generally speaking, the purpose of lis pendens notice is two-fold: (1) to protect the filing party's alleged rights to the property that is in dispute in the lawsuit and (2) to put those interested in the property on notice of the lawsuit." *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *World Sav. Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

A lis pendens is not an independent claim; it has no existence separate from the litigation of which it notifies. *See Collins v. Tex Mall, L.P.,* 297 S.W.3d 409, 418 (Tex. App.—Fort Worth 2009, no pet.); *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex. App.—Houston [14th Dist.] 1991, no writ). "A properly filed lis pendens is not itself a lien; rather it operates as constructive notice 'to the world of its

4

contents.'" *David Powers Homes, Inc.*, 355 S.W.3d at 336 (quoting TEX. PROP. CODE ANN. § 13.004(a) (West Supp. 2013); *see B&T Distribs., Inc. v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no pet.)). Although it does not prevent conveyance, it places a prospective purchaser on notice about the suit and the disputed title to the land. *See David Powers Homes*, *Inc.*, 355 S.W.3d at 336 (citing *Collins*, 297 S.W.3d at 418).

*Analysis*

We deny the request for a writ of prohibition because Miller has not demonstrated its necessity and other adequate remedies exist.

First, Miller has not provided any indication that the Brazoria County Court's actions in adjudicating the declaratory judgment claim will disturb or interfere with our jurisdiction over the pending appeal. Nor is there any indication in the record that she has requested that the trial court abate the action. *See In re John M. O'Quinn & Assocs. PLLC*, No. 01-13-00076-CV, 2013 WL 1739633, *2 (Tex. App.—Houston [1st Dist.] Apr. 23, 2013, orig. proceeding) (mem. op.) (denying relief, noting trial court was not presented with abatement request). Interference with the appeal is not imminent or even a given. The issue on appeal—whether a common law marriage existed—does not adjudicate title, and any title dispute is an ancillary determination. Even if title to the property were implicated, a trial court may cancel a lis pendens if it determines that the deposit of

5

money into the court or other security adequately protects the plaintiff's interests. *See* TEX. PROP. CODE ANN. § 12.008 (West 2004).

Relying on *Ex Parte Boniface,* 650 S.W.2d 776 (Tex. 1983), Miller argues that, once jurisdiction over the appeal vested in our court, the Brazoria County Court "was prohibited from taking any further action concerning alleged community property, including the canceling of the lis pendens." In *Boniface*, the Texas Supreme Court held that a trial court did not have jurisdiction to enforce a final judgment directing a husband to make monthly retirement benefit payments to his wife while the judgment was on appeal. *See Boniface*, 650 S.W.2d at 778. But the Supreme Court has overruled *Boniface* on this issue. *See In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004). In *Sheshtawy*, the court held that "when a final judgment has not been superseded or stayed pending an appeal, either the trial court or the court of appeals may entertain a motion for contempt." *Id.* at 124–25. The Supreme Court observed:

> In examining our decisions, particularly *Boniface* and *Schultz*, we are unable to discern a compelling reason for withdrawing a trial court's authority to enforce a final judgment pending appeal when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority.

*Id.* at 124; *see also In re Fischer-Stoker*, 174 S.W.3d 268, 271 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Sheshtawy*, 154 S.W.3d at 124–25). Accordingly, the Brazoria County Court had jurisdiction to enter orders enforcing

6

a judgment while it is pending on appeal, unless we have issued a stayed of proceedings, the judgment debtor has superseded it, or enforcement is automatically stayed pending appeal.

None of those caveats are applicable here. Section 9.007 of the Texas Family Code provides that enforcement of the property division in a divorce decree is abated during the pendency of an appellate proceeding. *See* TEX. FAM. CODE ANN. § 9.007(c) (West 2006). But the appeal here is not from an order dividing the community estate. Even if it was, cancelling the lis pendens does not enforce a property division ruling because a lis pendens merely notifies of the existence of the dispute; its placement or removal does not quiet title. *See Collins*, 297 S.W.3d at 418; *Taliaferro,* 804 S.W.2d at 550.

Second, Miller has other adequate remedies, among them, requesting alternate security in the Brazoria County Court, and mandamus relief if the court's later orders in the declaratory judgment claim are infirm or interfere with the appeal. *See* TEX. PROP. CODE ANN. § 12.008 (West 2004) (conditioning cancellation of lis pendens upon providing security); *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ("Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens."); *In re Mousa*, No. 01-04-00485-CV, 2004 WL 2823172, at *2 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, orig. proceeding)

7

(mem. op.) ("A writ of mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens"); *see also Nwangwu v. Dinkins*, No. 14-97-01100-CV, 1997 WL 688943, at *1 (Tex. App.—Houston [14th Dist.] Nov. 6, 1997, orig. proceeding) (holding that appellate court had no jurisdiction in appeal from order cancelling lis pendens, but noting that it could be subject of mandamus proceeding).

## Conclusion

This case does not demonstrate the extraordinary circumstances required for issuance of a writ of prohibition; accordingly, we deny Miller's petition. Any pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.