

# NUMBER 13-14-00203-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REBECCA GALLARDO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides[1]

Relator, Rebecca Gallardo, proceeding pro se, seeks a petition for writ of mandamus or prohibition to compel the trial court[2] to grant Gallardo's plea to the jurisdiction. Specifically, Gallardo contends the trial court erred in failing to grant her plea to the jurisdiction and granting summary judgment against her because: (1) the real party

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Lisa Gonzales, Presiding Judge of the County Court at Law No. Two of Nueces County, Texas.

in interest, the Texas Department of Insurance, Division of Workers' Compensation (the "Division"), has exclusive jurisdiction over benefit dispute agreements; (2) Texas Workers' Compensation Act case law precludes judicial actions taken outside of the Act's administrative processes and remedies; and (3) Texas Labor Code section 408.201 precludes judgments or other actions or claims regarding workers' compensation benefits. *See* TEX. LAB. CODE ANN. § 408.201 (West, Westlaw through 2013 3d C.S.) (providing that workers' compensation benefits are exempt from garnishment, attachment, judgment, and "other actions or claims"). We conditionally grant the petition, in part, and deny it in part, as stated herein.[3]

## I. BACKGROUND

On June 2, 2008, Gallardo sustained a work-related injury for which she sought workers' compensation benefits. Insurance Company of the State of Pennsylvania ("ICSOP") was Gallardo's employer's workers' compensation insurance carrier. Through a series of contested case hearings, the Division concluded that Gallardo was not entitled to receive supplemental income benefits.[4] In February 2011, Gallardo filed a suit for judicial review of the Division's decisions on her first, second, third, and fourth-quarter

---

[3] As discussed herein, this petition for writ of mandamus joins an appeal currently pending in this Court arising from the same underlying trial court proceedings. In our appeal number 13-14-00132-CV, *Gallardo v. Insurance Company of the State of Pennsylvania*, Gallardo appeals the order granting summary judgment.

[4] Supplemental income benefits provide long-term disability compensation. *See* TEX. LAB. CODE ANN. § 408.142 (West, Westlaw through 2013 3d C.S.); *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999). To be entitled to supplemental income benefits, the claimant has the burden of establishing that the claimant: (1) has an impairment rating of fifteen percent or more from a compensable injury; (2) has not returned to work or has returned to work earning less that eighty percent of the claimant's average weekly wage as a direct result of the impairment; (3) has not elected to commute a portion of the impairment income benefit under section 408.128; and (4) has complied with the work search requirements adopted under section 408.1415. TEX. LAB. CODE ANN. § 408.142(a); *Daniels v. Indem. Ins. Co. of N. Am.*, 345 S.W.3d 736, 740 n.4 (Tex. App.—Dallas 2011, no pet.).

supplemental income benefits. This case was filed in cause number 2011-CCV-60284-A in County Court at Law Number One of Nueces County, Texas.

The parties ultimately reached an agreement, and on April 12, 2012, the trial court signed a final judgment in accordance with the settlement agreement. The judgment provided, in relevant part, that Gallardo was entitled to supplemental income benefits for the first, second, and third quarters, but was not entitled to benefits for the fourth quarter. The judgment did not address Gallardo's entitlement to the fifth, sixth, seventh, or eighth quarter benefits. ICSOP paid Gallardo first, second, and third quarter supplemental income benefits.

Pursuant to the agreement, the parties executed a proposed DWC-24 Form on February 6, 2012, and submitted it to the Division for review on May 10, 2012. On May 15, 2012, the Division's Benefit Review Officer denied approval of the DWC-24 benefit dispute agreement by correspondence to the parties stating:

> Please take notice that I have denied the DWC-24 as submitted on 05/10/12 by the parties. The agreement as submitted includes SIBS quarters 5th, 6th, 7th and 8th. The 5th and 6th quarters have previously been scheduled for a BRC, but not the 7th and 8th quarters. In addition, the agreement is signed 02/06/12 and I note that attorney Daniel Home [sic] no longer represents the Claimant. A party should request dispute resolution so all quarters noted herein can be addressed, and that the Division may be assured that these are the terms agreed to by all parties. I realize the 02/06/12 DWC-24 was part of another agreement outside the Division jurisdiction; therefore, if the parties wish to sign another agreement, all issues can be properly resolved at a BRC.

In July 2012, ICSOP filed suit against Gallardo and her former counsel, Daniel F. Horne and Stone & Horne, L.L.P., in trial court cause number 2012-CCV-61313-2 in the Court at Law No. 2 of Nueces County, alleging that Gallardo and her former counsel breached the settlement agreement because they refused to cooperate in executing a

3

new DWC-24 for submission to the Division. This trial court proceeding gave rise to this petition for writ of mandamus appeal and the related appeal. ICSOP's causes of action against Gallardo and her counsel included breach of contract, conversion, and fraud in the inducement. ICSOP further sought specific performance of the settlement agreement. Gallardo filed an original answer to ICSOP's petition which included a plea to the jurisdiction, a counterclaim, and a motion for sanctions.

ICSOP filed a motion for traditional and no-evidence summary judgment seeking specific performance of the settlement agreement or the return of the settlement funds. *See generally* TEX. R. CIV. P. 166a. On December 12, 2013, the trial court held a hearing on ICSOP's motion for summary judgment, and, on January 24, 2014, the trial court signed an "Order Granting Final Summary Judgment" in favor of ICSOP. In the order granting summary judgment, the trial court concluded that Gallardo breached the settlement agreement and granted specific performance of the settlement agreement. The judgment specifically recites that: (1) Gallardo is entitled to supplemental income benefits for the first, second, and third quarters; (2) Gallardo is not entitled to supplemental income benefits for the fourth, fifth, sixth, seventh, or eighth quarters; (3) Gallardo's attorney's fees and expenses were capped at $12,500.00; and (4) Gallardo "shall cooperate with ICSOP in order to ensure that all necessary paperwork, including a [DWC-24] covering the fifth, sixth, seventh, and eighth quarters, is timely submitted and approved" by the Division. According to the order, the trial court retained jurisdiction "to enforce the terms of this decree of specific performance through further appropriate proceedings and orders, including, as and if needed, findings and orders of contempt."

Gallardo appealed the summary judgment in our appellate cause 13-14-00132-CV, which we have addressed by separate opinion issued this same date. Gallardo filed this petition for writ of mandamus or prohibition on April 1, 2014. The Court requested that the real parties in interest, the Division, ICSOP, Daniel F. Horne and Stone & Horne, L.L.P., Apria Healthcare Group, Inc., or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. The Division filed a response and an amended response, and ICSOP also filed a response. Gallardo has filed a reply to the Division's response and also filed a reply to ICSOP and Horne's responses.[5]

Through this original proceeding, Gallardo raises three issues pertaining to the trial court's jurisdiction and its allegedly void summary judgment. First, Gallardo contends that the trial court abused its discretion by not resolving and granting her plea to the jurisdiction because only the Division has exclusive jurisdiction to approve workers' compensation DWC-24 agreements, and any other purported agreements merging with a DWC-24; therefore the Division order denying the DWC-24 agreement is not subject to judicial review in a common law cause of action filed outside of the Act's provisions. Second, Gallardo contends that the Act eliminated the need for judicially imposed causes of action outside the administrative processes and other remedies in the Act. Third, Gallardo contends that Texas Labor Code section 408.201 exempts workers' compensation from "other actions or claims" as in the instant case. By supplemental petition for writ of

---

[5] Daniel F. Horne and Stone & Horne LLP filed a response stating that they are not real parties in interest because they were nonsuited from the underlying suit and have no pending claims nor counterclaims. They have no substantive rights which are either enforceable against any other party, or against them, either directly or indirectly. By the pleadings filed in this case, relator does not contest these allegations.

mandamus, Gallardo further contends that a trial court order purporting to enforce a judicial review settlement agreement under Texas Rule of Civil Procedure 11 that fails to comply with the filing requirements of Rule 11 and section 410.258 of the Texas Labor Code is correctable by mandamus review. Gallardo also contends that a trial court order interfering with another court's jurisdiction is enforceable by mandamus relief.

## II. WRIT OF MANDAMUS

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)*; Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Id.*; *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig.

6

proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition" and is decided on a case-by-case basis. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

The improper denial of a plea to the jurisdiction is generally not reviewable by mandamus because it involves a question of law which can be addressed by ordinary appeal. *See In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding). When a trial court erroneously denies a plea to the jurisdiction, the fact that the party seeking mandamus may be "forced to endure the 'hardship' of a full-blown trial" if the appellate court declines mandamus relief is not, alone, sufficient to render remedy by appeal inadequate. *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding). However, mandamus may lie to correct a trial court's denial of a plea to the jurisdiction based on an agency's exclusive jurisdiction because "the judicial appropriation of state agency authority would be a clear disruption of the 'orderly processes of government.'" *Id.* (quoting *State v. Sewell*, 487 S.W.2d 716, 719 (Tex. 1972)); *see In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328–29 (Tex. 2009) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding); *In re Mid-Century*

*Ins. Co. of Tex.*, 426 S.W.3d 169, 178 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Thus, where the Act vests exclusive jurisdiction in the Division, the trial court's failure to grant a plea to the jurisdiction is correctable by mandamus to prevent a disruption in the orderly processes of government. *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d at 328; *In re Mid-Century Ins. Co. of Tex.*, 426 S.W.3d at 178.

### III. WRIT OF PROHIBITION

A petition for a writ of prohibition is an "extraordinary" proceeding and should be used "sparingly." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding) (citing *Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex. Crim. App. 1999)). Its extraordinary nature requires caution in its use. *See In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). A party seeking a writ of prohibition must demonstrate: (1) that it has no other adequate remedy at law, and (2) that it is clearly entitled to the relief sought. *See In re Lewis*, 223 S.W.3d at 761. A writ of prohibition is a "creature of limited purpose." *Id.*; *see In re Miller*, 433 S.W.3d at 84. A writ of prohibition issues only to prevent the threatened commission of a future act. *See Tilton v. Marshall,* 925 S.W.2d 672, 676 n.4 (Tex. 1996) (orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Ct. of App.*, 767 S.W.2d 680, 682–83 (Tex. 1989) (orig. proceeding). Thus, it is available to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. *See Holloway*, 767 S.W.2d at 683; *In re Miller*, 433 S.W.3d at 84; *Sivley v. Sivley*, 972 S.W.2d 850, 862–63 (Tex. App.—Tyler 1998, orig. proceeding). In this regard, a writ of prohibition

8

has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Lewis*, 223 S.W.3d at 761; *Tex. Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding). Accordingly, for instance, "[a] writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction." *In re Sistrunk*, 142 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding).

As with writs of mandamus, a writ of prohibition is not an appropriate method of relief when other remedies, such as an appeal, are available and adequate. *See In re Miller*, 433 S.W.3d at 84; *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding). The writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by a trial court; rather, the threat of jurisdictional interference must be imminent. *In re Miller*, 433 S.W.3d at 84; *In re Castle Tex. Prod.*, 189 S.W.3d at 403.

## IV. MOTION TO STRIKE

As a threshold matter, we first consider ICSOP's motion to strike Gallardo's petition for writ of mandamus, which is contained in ICSOP's response to the petition. According to the motion to strike, this mandamus proceeding arises from Gallardo's workers' compensation claim regarding a compensable injury sustained on June 2, 2008 and Gallardo has filed actions in County Court at Law Number 1, Nueces County, Texas; in

9

the 117th Judicial District Court of the State of Texas, Nueces County, Texas; and in the U.S. District Court for the Southern District of Texas (Corpus Christi Division) against ICSOP, its attorney, and others on "various causes of action relating to her claim and reflecting her dissatisfaction with the adjudication thereof." ICSOP alleges that Gallardo "has been adjudged a vexatious litigant by the U. S. District Court for the Southern District of Texas." In support of this allegation, ICSOP provides an "Order of Dismissal with Prejudice" in that court which provides in pertinent part:

> The Court has considered the Agreed Motion to Dismiss Claims Pursuant to Stipulation, along with the attached stipulation, filed by Plaintiff Rebecca Gallardo ("Plaintiff") and Defendants Chartis Claims, Inc. and Chartis Insurance Agency, Inc. (the Chartis Defendants"). The Court has decided to GRANT the motion.
>
> IT IS THEREFORE ORDERED THAT:
>
> 1. All claims by Plaintiff Rebecca Gallardo in this case against the Chartis Defendants are DISMISSED WITH PREJUDICE. This dismissal does not encompass or include claims asserted by any of the parties in:
>
> (a) Insurance Company of the State of Pennsylvania vs. Rebecca Gallardo, Daniel F. Horne and Stone & Horne, LLP, Cause No. 2012 CCV-61313-2, County Court at Law No. 2, Nueces County, Texas; and/or
>
> (b) Rebecca Gallardo vs. Insurance Company of the State of PA, Cause No. 2013-DCV-2741B, In the Judicial Court 117th District Court, Nueces County, Texas.
>
> 2. Before Plaintiff files any future lawsuit for any claims or causes of action related to or arising out of the facts made the basis of this case, she must first obtain permission from Judge Nelva Ramos, U.S. District Court for the Southern District of Texas, upon a showing that the suit has both legal and factual merit.
>
> 5. If Plaintiff obtains permission to file suit and if Plaintiff files any lawsuit against any person or entity for any claims or causes of action related to or arising out of the facts made the basis of this case, the lawsuit must be filed in the U.S. District Court for the Southern District of Texas, Corpus Christi Division. Plaintiff agrees that any such suit will be assigned or transferred to Judge Nelva Ramos.

6.  All costs of court and attorney's fees in this case, Cause No. 2:12-CV-213, will be borne by the parties incurring same. However, the Chartis Defendants will be entitled to recover against Plaintiff all reasonable and necessary attorney's fees and related costs and expenses of litigation in any and all subsequent proceedings to enforce the terms of this order.[6]

ICSOP alleges that the claim embraced by Gallardo's petition for writ of mandamus relates to or arises out the facts made the basis of the federal district court case, as demonstrated by her last live pleading in that case. ICSOP further alleges that Gallardo did not obtain the permission of Judge Ramos to file this petition for writ of mandamus. ICSOP contends that this original proceeding is "separate and apart" from Gallardo's appeal of the underlying action in County Court at Law Number 2, Nueces County, Texas, "the continuation of which is excepted from Judge Ramos' order," and which has been assigned a separate cause number by this Honorable Court. ICSOP thus moves to strike the petition for writ of mandamus or prohibition in its entirety and further reserves the right to seek appropriate relief in the U.S. District Court for the Southern District of Texas in accordance with Judge Ramos' order.

The same rules of interpretation apply in construing the meaning of court orders or judgments as in ascertaining the meaning of other written instruments. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *Freightliner Corp. v. Motor Vehicle Bd. of Texas Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied); *see Permian Oil Co. v. Smith*, 107 S.W.2d 564, 567 (Tex. 1937). The plain terms of the order apply if Gallardo "files any future lawsuit." By its terms, the order does not encompass appeals or original proceedings. ICSOP concedes that the order does not apply to the appeal arising from trial court cause number 2012-CCV-61313-2 pending in

---

[6] The incorrect numbering of the paragraphs in this order appears in the original.

our separate cause. The instant matter is an original appellate proceeding seeking extraordinary relief, also arising from arising from trial court cause number 2012-CCV-61313-2. We conclude that the order does not prohibit Gallardo's petition for writ of mandamus or require her to seek permission prior to filing because the petition is not a "future lawsuit" and it arises from a cause of action that is specifically excluded from the scope of the dismissal order.[7] Accordingly, we deny ICSOP's motion to strike. We express no opinion herein on any issues that may hereafter be litigated in the federal district court case.

## V. JURISDICTION

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea challenges the trial court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012). Subject matter jurisdiction is "essential to a court's power to decide a case." *Bland*, 34 S.W.3d at 553–54. A court acting without jurisdiction commits fundamental error that we may review for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440,

---

[7] Whether to impose a pre-filing injunction against a vexatious litigant is a matter within the court's discretion, after affording notice and an opportunity to be heard, as part of its inherent power to control its dockets and issue sanctions in that effort. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986); *Rodriguez v. Bank of Am., N.A.*, No. 2:13-CV-133, 2014 WL 309065, at *3 (S.D. Tex. Jan. 28, 2014). The order issued by the federal district court and provided to this Court by ICSOP contains no conclusion, finding or other recitation that Gallardo is a vexatious litigant. Gallardo is not publically identified as a vexatious litigant by the website maintained by the Texas Office of Court Administration, which includes lists of litigants declared vexatious by both state and federal courts in Texas. Under the Texas Civil Practice and Remedies Code, we may not, subject to certain exceptions, "file a litigation, original proceeding, appeal, or other claim presented, presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West, Westlaw through 2013 3d C.S.). Given our resolution of this issue insofar as the federal court's order specifically excludes the trial court cause number that gave rise to this original proceeding, we need not further address these matters in this case. *See* TEX. R. APP. P. 47.1, 47.4.

12

443–44 (Tex. 1993). All courts bear the affirmative obligation "to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (orig. proceeding) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004)). A judgment rendered without subject matter jurisdiction cannot be considered final. *Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Subject matter jurisdiction presents a question of law we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013).

When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *City of Houston*, 417 S.W.3d at 442; *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). *Holmes v. Zurich Am. Ins. Co.*, 421 S.W.3d 766, 770 (Tex. App.—Dallas 2014, pet. denied). Concomitantly, when an administrative agency possesses exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute. *See Thomas*, 207 S.W.3d at 340.

If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *City of Houston*, 417 S.W.3d at 442; *Thomas*, 207 S.W.3d at 340; *Cash Am. Int'l., Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000); *Holmes*, 421 S.W.3d at 770. The exhaustion doctrine serves as a timing mechanism to ensure that the administrative process runs its course. *See City of Houston*, 417 S.W.3d at 442; *Cash Am. Int'l, Inc.*, 35 S.W.3d at 15; *Holmes*, 421

13

S.W.3d at 770. The intent of the exhaustion doctrine is never to deprive a party of legal rights; rather, it aims to ensure an orderly procedure to enforce those rights. *City of Houston*, 417 S.W.3d at 442; *Holmes*, 421 S.W.3d at 770; *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied). Absent exhaustion of administrative remedies, a trial court must dismiss the case. *City of Houston*, 417 S.W.3d at 442; *Tex. Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 90 (Tex. 1992).

Whether the legislature has conferred exclusive jurisdiction on an agency is a question of statutory interpretation. *Blue Cross Blue Shield of Tex. v. Duenez*, 201 S.W.3d 674, 675–76 (Tex. 2006); *In re Mid-Century Ins. Co. of Tex.*, 426 S.W.3d at 171. In construing statutes, we seek to determine legislative intent by interpreting a statute according to its plain language when the plain language is unambiguous. *In re Entergy Corp.*, 142 S.W.3d at 322 (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)). An agency has exclusive jurisdiction when the legislature expressly grants the agency exclusive jurisdiction or when a "pervasive regulatory scheme" reflects legislative intent that an agency have the sole power to make the initial determination in the dispute. *Id.*; *Thomas*, 207 S.W.3d at 340; *In re Mid-Century Ins. Co. of Tex.*, 426 S.W.3d at 172.

## VI. TEXAS WORKERS' COMPENSATION ACT

The Texas Workers' Compensation Act (the "Act") is a comprehensive legislative scheme designed to create a no-fault compensation system for injured workers in Texas. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 510–11 (Tex. 1995). As stated by the Texas Supreme Court:

> The purpose of the Act is to provide employees with certainty that their medical bills and lost wages will be covered if they are injured. An employee benefits from workers' compensation insurance because it saves the time and litigation expense inherent in proving fault in a common law tort claim. But a subscribing employer also receives a benefit because it is then entitled to assert the statutory exclusive remedy defense against the tort claims of its employees for job related injuries.

*HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 349 (Tex. 2009); *see Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 441 (Tex. 2012); *In re Poly–Am., L.P.*, 262 S.W.3d 337, 349 (Tex. 2008) (orig. proceeding). The Texas Department of Insurance, Division of Workers' Compensation (the "Division") is the Act's legislatively-designated overseer. *See Ruttiger*, 381 S.W.3d at 434 n.1. The Division hears and adjudicates workers' compensation benefits disputes between workers' compensation benefits claimants and insurance carriers. *See* TEX. LAB. CODE ANN. §§ 410.251, .301 (West, Westlaw through 2013 3d C.S.); *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding). The Division also reviews agreements and settlements on benefits disputes between the parties. *See* TEX. LAB. CODE ANN. § 408.005(d) (West, Westlaw through 2013 3d C.S.) (requiring settlements to be signed by the commissioner and all parties to the dispute); § 408.005(e) (West, Westlaw through 2013 3d C.S.) (providing that the commissioner "shall" approve a settlement if satisfied that the settlement accurately reflects the agreement between the parties, reflects adherence to the law and policies of the division, and is in the best interests of the claimant); § 410.029 (West, Westlaw through 2013 3d C.S.) (providing that a dispute may be resolved either in whole or in part at a benefit review conference, and if the conference results in the resolution of some disputed issues by agreement or in a settlement, the benefit review officer shall reduce the agreement or the settlement to writing and each party shall sign it, and the settlement

takes effect on the date it is approved by the director); § 410.258 (West, Westlaw through 2013 3d C.S.) (requiring notice to Division of proposed judgments and settlements and opportunity for Division to intervene if Commissioner finds that the proposals do not comply with law).

The Legislature has granted the Division exclusive jurisdiction over claims for workers' compensation policy benefits, which include medical, income, death, and burial benefits. *See* TEX. LAB. CODE ANN. § 401.011(5); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001); *Holmes*, 421 S.W.3d at 770; *In re Texas Mut. Ins. Co.*, 157 S.W.3d 75, 81 (Tex. App.—Austin 2004, orig. proceeding). Because the Act is a comprehensive statutory scheme, it precludes the application of claims and procedures not contained within the Act. *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 493 (Tex. 2013); *Ruttiger*, 381 S.W.3d at 451. The Division's exclusive jurisdiction continues until a final decision has been reached, at which point a claimant may appeal to the trial court for relief through the process described in the Texas Labor Code. *See Fodge*, 63 S.W.3d at 803; *see also England v. Liberty Ins. Corp.*, No. CIV.A. H:10-1937, 2011 WL 3567084, at *1 (S.D. Tex. Aug. 12, 2011). Alternatively, a party can effectively exhaust remedies on a showing that the parties have dealt with the disputed issue in a benefit dispute agreement ("BDA"), which is a form of binding mediation used by the Division. *See Ruttiger*, 381 S.W.3d at 437; *Thomas v. Am. Home Assur. Co.*, 403 S.W.3d 512, 520 (Tex. App.—Dallas 2013, no pet.); *Stinson v. Ins. Co. Of the State of Pa.*, 286 S.W.3d 77, 84 (Tex. App.-Houston [14th Dist.] 2009, pet. denied); *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 837 (Tex. App.—Austin 2007, no pet.); *see also England*, 2011 WL 3567084, at **1–2.

Thus, the Division's administrative review and disposition of compensability issues, once exhausted, may be reviewed by the courts. *See* TEX. LAB. CODE ANN. § 410.252 (West, Westlaw through 2013 3d C.S.). Section 410.254 of the Labor Code authorizes the Division to intervene in any suits for judicial review of its administrative decisions. *See id.* § 410.254 (West 2006). The courts, recognizing the Division's oversight role, do not require it to show a justiciable interest to intervene in a case. *See Tex. Workers' Comp. Comm'n v. Hartford Acc. & Indem. Co.*, 952 S.W.2d 949, 953 (Tex. App.—Corpus Christi 1997, pet. denied).

## VII. ANALYSIS

Gallardo contends that the trial court abused its discretion by not resolving and granting her plea to the jurisdiction because only the Division has exclusive jurisdiction to approve workers' compensation DWC-24 agreements and any other purported agreements merging with a DWC-24; therefore the Division order denying the DWC-24 agreement is not subject to judicial review in a common law cause of action filed outside of the Act's provisions. In connection with this issue, Gallardo also contends that the Act eliminated the need for judicially imposed causes of action outside the administrative processes and other remedies in the Act.

In response, ICSOP contends generally that the trial court had jurisdiction to enforce the terms of the settlement agreement and the agreed judgment rendered in the prior judicial review proceeding. In contrast, the Division agrees, in part, with Gallardo. Specifically, the Division "agrees that the trial court lacked jurisdiction to determine [Gallardo's] fifth- through eighth-quarter benefits eligibility, and mandamus should issue to correct that portion of the trial court's judgment." The Division asserts that some or all

17

of Gallardo's fifth through eighth quarter benefits are now pending in a separate suit for judicial review pending in cause number 2013-DCV-2741-B in the 117th District Court of Nueces County, Texas. Thus, according to the Division, Gallardo's claim for the fifth through eighth quarter benefits are "currently either unexhausted or under review in a separate court," and the trial court lacked jurisdiction to adjudicate them in the underlying proceeding. *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d at 328. However, the Division asserts that the trial court had jurisdiction to order specific performance by the parties of the Rule 11 Agreement insofar as it enforced the parties' agreement to cooperate in presenting documents to the Division and did not require the Division to take any particular action on the documents presented to it.

As the Texas Supreme Court has emphasized, "[t]he Workers' Compensation Act vests the power to award compensation benefits solely in the [Division], subject to judicial review." *Fodge*, 63 S.W.3d at 803 (quoting *Saenz v. Fidelity & Guarantee Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996)). A logical extension of this principle is that a court has no jurisdiction to award damages against a carrier for deprivation of workers' compensation benefits to an injured worker, except on judicial review, "without a determination by the [Division] that such benefits were due." *Id.* at 804. This is so even if such claims are couched in terms of tort or statutory violations, because awarding "damages based on a denial of benefits" is "tantamount to ordering that the care be paid for and would . . . circumvent the [Division's] exclusive authority to decide that issue." *Id.*; *accord Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 835–36 (Tex. App.—Austin 2007, no pet.); *In re Tex. Mut. Ins. Co.*, 157 S.W.3d 75, 81 (Tex. App.—Austin 2004, orig. proceeding). In *Fodge*, the Texas Supreme Court held that common law claims by injured

workers that would have the effect of establishing a right to workers' compensation benefits implicate the Division's exclusive jurisdiction to award such benefits, and thus cannot be litigated unless and until those administrative remedies are first exhausted. *See Fodge*, 63 S.W.3d at 803.

In the instant case, the trial court's order granting summary judgment states that Gallardo breached the settlement agreement and granted specific performance of the settlement agreement. The judgment specifically recites that: (1) Gallardo is entitled to supplemental income benefits for the first, second, and third quarters; (2) Gallardo is not entitled to supplemental income benefits for the fourth, fifth, sixth, seventh, or eighth quarters; (3) Gallardo's attorney's fees and expenses were capped at $12,500.00; and (4) that Gallardo "shall cooperate with ICSOP in order to ensure that all necessary paperwork, including a [DWC-24] covering the fifth, sixth, seventh, and eighth quarters, is timely submitted and approved" by the Division.

Based on the record before this Court, Gallardo had exhausted her administrative remedies for her first through fourth quarter supplemental income benefits through a series of contested case hearings before filing the judicial review suit in cause number 2011-CCV-60284-A in County Court at Law Number 1. This suit resulted in a judgment regarding those quarters which was not appealed. In contrast, Gallardo has not exhausted her administrative remedies regarding her eligibility for or entitlement to fifth through eighth quarter supplemental income benefits. While there is a purported settlement agreement addressing those quarters, the Division has not approved a benefit dispute agreement regarding fifth through eighth supplemental income benefits. *See Ruttiger*, 381 S.W.3d at 437 ("The [benefit dispute] agreement was approved by the WCD

19

and was a sufficient resolution of Ruttiger's claim by the WCD to constitute exhaustion of his administrative remedies . . . ."); *In re N. H. Ins. Co.*, 360 S.W.3d 597, 605 (Tex. App.— Corpus Christi 2011, orig. proceeding) ("When the DWC, a claimant, and the insurance carrier agree on the claimant's entitlement to compensation benefits, their agreement is binding as a final determination that the benefits are owed, precluding the need for the claimant to seek administrative remedies before she can sue for damages arising from the carrier's unreasonable delay or denial of benefits."); *In re Tex. Mut. Ins. Co.*, 360 S.W.3d 588, 594–95 (Tex. App.—Austin 2011, orig. proceeding) (holding that a claimant was not required to "take any additional administrative action" regarding compensability where the parties and the DWC signed a benefit dispute agreement regarding the compensability of an injury); *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 831 (Tex. App.—Austin 2007, not pet.) (holding that claimant was not relieved of obligation to exhaust administrative remedies regarding disputes over specific medical benefits where a benefit dispute agreement determined compensability, but did not address or determine what medical treatments were related to compensable injury).

The Division has exclusive jurisdiction to determine workers' compensation benefits eligibility. *See* TEX. LAB. CODE ANN. §§ 408.001, .005(d), (e). Accordingly, the trial court lacked jurisdiction to make any findings regarding Gallardo's entitlement, or lack thereof, to fifth through eighth quarter supplemental income benefits. *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d at 328. Accordingly, we conditionally grant mandamus relief regarding the recitals in the trial court's order that Gallardo is not entitled to supplemental income benefits for the fifth, sixth, seventh, or eighth quarters on grounds that the trial court lacked jurisdiction over these matters.

20

We now examine whether or not the trial court possessed jurisdiction over the other issues addressed in the order. The trial court has jurisdiction over requested relief only to the extent that relief is not dependent upon the direct or indirect adjudication of a matter within the DWC's exclusive jurisdiction. *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding [mand. denied]); *Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2009, pet. filed). We further note that requiring exhaustion of administrative remedies allows the DWC to resolve disputed fact issues within its exclusive jurisdiction. *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 664; *see Essenburg*, 988 S.W.2d at 189. We conclude that, although the trial court lacked jurisdiction to determine those workers' compensation benefits that were not properly before it, it may order specific performance of the parties' contractual obligations insofar as they do not infringe on the Division's jurisdiction. The Rule 11 Agreement requires the parties to cooperate in presenting the Division with a DWC-24 Form addressing Gallardo's fifth- through eighth-quarter supplemental income benefits. The trial court's order requiring Gallardo to cooperate in presenting a DWC-24 Form to the Division does not affect the Division's prior denial of the parties' executed DWC-24 Form or direct the Division to approve any new DWC-24 Form the parties present. Rather, it requires Gallardo to perform her contractual duties as agreed. While Gallardo's fifth- through eighth-quarter benefits were not before the trial court when she executed the Rule 11 Agreement during her suit for judicial review for her first- through fourth-quarter benefits, she was certainly free to agree with ICSOP to tender future performance in presenting DWC-24 Forms with the parties' agreed, proposed resolution of quarters five through eight to the Division.

21

Gallardo argues that *Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012), and *Liberty Mutual Insurance Company v. Adcock*, 412 S.W.3d 492 (Tex. 2013), illustrate that the Legislature has effectively eliminated judicially imposed causes of actions outside the Act. Gallardo contends that these cases preclude the trial court from ordering her to resubmit a DWC-24 Form pursuant to the Parties' Rule 11 Agreement. According to Gallardo's reasoning, the Act is comprehensive and precludes actions and procedures not contained within the Act. She complains that the trial court cannot order her to execute a DWC-24 Form through a breach of contract action because no such procedure exists within the Act.

The Texas Supreme Court has addressed the availability of extra-contractual claims in the context of a workers' compensation claim. *See Ruttiger*, 381 S.W.3d at 430. The supreme court held in *Ruttiger* that a claimant cannot recover damages under section 541.060 from a workers' compensation insurer for unfair claims settlement practices. *Id.* at 445; *see Texas Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012). The supreme court also held that amendments to the Act eliminated the need for a cause of action for breach of the common law duty of good faith and fair dealing against workers' compensation insurers. *Id.* at 446 (overruling *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212–13 (Tex. 1988)); *see Morris*, 383 S.W.3d at 150. However, the supreme court further held that a cause of action under section 541.061 for misrepresentation of an insurance policy is not necessarily incompatible with the workers' compensation system. *Id.* at 439; *see Morris*, 383 S.W.3d at 150. The lynchpin of the supreme court's analysis was that "[t]he Act effectively eliminates the need for a judicially imposed cause of action

22

outside the administrative processes and other remedies in the Act." *Ruttiger*, 381 S.W.3d at 451.

*Ruttiger* is inapplicable to Gallardo's claims in this case. The underlying lawsuit and the claims therein are not new causes of actions or procedures under the Act. Specifically, the lawsuit is part of the Act's statutory scheme regarding the exhaustion of administrative remedies. The trial court's order requiring cooperation in presenting a DWC-24 form to the Division is premised on the Act's statutory scheme. Accordingly, we do not consider *Ruttiger* to preclude the trial court's actions.

In *Adcock*, the supreme court considered the "narrow question" regarding whether the current version of the Act contains a procedure to re-open lifetime income benefit determinations. *Adcock*, 412 S.W.3d at 497. In that case, the insurance carrier sought a new contested case hearing on the claimant's continuing eligibility for lifetime income benefits ("LIBs") based on the carrier's belief that the claimant may have regained the use of his extremities. *Id.* at 493–94. The proceeding was brought over ten years after the LIB determination even though the carrier had never sought judicial review of the LIB award. *Id.* Liberty and the Division asserted that if an employee medically improves and no longer meets the statutory requirements for eligibility for LIBs, the Division has "necessarily implicit" authority to re-open the LIB determination. *Id.* Adcock countered that the plain language of the statute indicates the LIB determination is permanent and offers no procedure to reopen it. *Id.* The supreme court agreed with Adcock. *Id.* The court held that the claimant's LIB determination could not be reopened and withdrawn based on changed circumstances. *Id.* at 497. The *Adcock* Court noted that, during the 1989 reforms to the Act, the Legislature had removed the mechanism authorizing periodic

23

LIBs review while leaving other types of benefits review intact. *See id.* at 495–96 (recognizing that the Act still provided review procedures for, inter alia, temporary and supplemental income benefits). "[T]he Legislature's express provision of procedures for re-evaluating temporary benefit eligibility and the absence of such a procedure for permanent benefits indicates a deliberate choice, and we must respect the Legislature's prerogative to establish the rights and procedures in the workers' compensation system." *Id.*

The *Adcock* case, which by its own terms addressed a discrete, narrow issue related to lifetime income benefits, is inapplicable to the instant case insofar as it concerns actions taken by the Division in the absence of statutory authority. In contrast, this case concerns the Division's exclusive jurisdiction, under express statutory authority, to determine workers' compensation benefits.

Finally, Gallardo argues that the trial court's order is void under the Act, which provides that benefits are exempt from garnishment, attachment, judgment, and other actions or claims. *See* TEX. LAB. CODE ANN. § 408.201. To the extent that the trial court is ordering Gallardo to cooperate with ICSOP in presenting a DWC-24 Form to the Division for its approval, the trial court's order is not void. As addressed above, the trial court can order specific performance of contracts, and the Rule 11 Agreement is not void merely because it orders Gallardo to cooperate in completing DWC-24 Forms as agreed and presenting them to the Division. The trial court's order is only void to the extent that it adjudicates benefits the Division has not considered or determined or orders payment of benefits.

24

## VIII. CONCLUSION

The trial court lacked jurisdiction to determine Gallardo's entitlement to fifth, sixth, seventh, and eighth supplemental income benefits. Accordingly, to the extent that its order adjudicated Gallardo's rights to those benefits, its order is void. We conditionally grant mandamus relief insofar as we direct the trial court to strike those portions of the order. To the extent that Gallardo has requested additional relief, it is denied.

/s/Gina M. Benavides
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of February, 2015.