**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 5, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00704-CV

---

## IN RE RANDY G. CALHOUN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2023-36473**

---

## MEMORANDUM OPINION

Relator Randy G. Calhoun, proceeding pro se, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Elaine Palmer, presiding judge of the 215th District Court of Harris County, to vacate the following trial court orders: (1) the August 15, 2023, order denying relator's

motion to expunge lis pendens; and (2) the August 29, 2023, order denying relator's motion for rehearing. We conditionally grant the petition.

## I. Background

The underlying lawsuit, styled *Leslie Wm. Adams, Attorney at Law, PLLC, dba Leslie Wm Adams & Associates v. Randy G. Calhoun* ("Calhoun Suit") is a suit on sworn account and other claims, seeking to collect unpaid attorney's fees for a prior, settled civil suit[1] in which Adams' firm represented Calhoun. On June 26, 2023, real party in interest Adams PLLC filed a notice of lis pendens against relator's property at 5512 Valerie Street, Houston, Texas 77081 ("the Property").

On July 24, 2023, relator filed a motion to expunge the lis pendens, asserting several issues with the lis pendens, including that Adams PLLC's original petition is (1) not an eminent domain proceeding, or (2) an action involving title to real property, or (3) an action to establish an interest in real property, or (4) or an action to enforce an encumbrance against real property, as is required by Texas Property Code Section 12.007 in order to permit Adams PLLC to record a lis pendens notice.

A&A filed a response on August 11, 2023, noting that: (1) the property was identified by relator as the source of payment; (2) the homestead claim is not supported in fact, but irrelevant; (3) A&A is plaintiff; and (4) no mechanics and materialmen's lien has been filed.

---

[1] The prior suit, styled *Randy Calhoun v. Michael and Staci Howard*, Cause No. 1177355, County Civil Court at Law No. 1 of Harris County, Texas, (the "Howard Litigation") was a suit to quiet title regarding the alleged encroachment of the Howard property at 5514 Valerie Street on relator's property at 5512 Valerie Street, including a violation of deed restrictions requiring a ten-foot setback.

By order dated August 15, 2023, the trial court denied relator's motion. On August 18, 2023, relator filed a motion for hearing, which the trial court denied on August 29, 2023. This mandamus proceeding followed, seeking the removal of the lis pendens.

## II.     Standard of Review

Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Jackson*, No. 14-23-00753-CV, 2024 WL 1102888, at *1 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, orig. proceeding) (per curiam) (mem. op.); *see also In re Chong*, No. 14-19-00368-CV, 2019 WL 2589968, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2019, orig. proceeding) (mem. op.). Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens. *In re Jackson*, No. 14-23-00753-CV, 2024 WL 1102888 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, orig. proceeding) (mem. op.) (per curiam) (citing *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding)). It is not necessary for relator to show inadequate remedy by appeal in the context of a dispute involving lis pendens. *Chong*, 2019 WL 2589968, at *4. Our court explained that because an improper lis pendens is a void action, the availability of other remedies will not prevent issuance of mandamus. *Id.* (citations omitted).

3

## III. Analysis

### A. Lis Pendens

"A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed." *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The doctrine is codified in Property Code section 12.007(a):

> [D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex. Prop. Code § 12.007(a); *see Miller*, 433 S.W.3d at 84.

The notice must contain certain information, including the style and cause number of the proceedings, the court in which it is pending, the names of the parties, identification of the kind of proceedings, and a description of the property affected. Tex. Prop. Code § 12.007(b); *see Cohen*, 340 S.W.3d at 892. A properly filed lis pendens is not itself a lien, but rather it operates as constructive notice "to the world of its contents." Tex. Prop. Code § 13.004(a); *see also B & T Distribs., Inc. v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no pet.) ("The purpose of a notice of lis pendens is to put those interested in a particular tract of land on inquiry about the facts and issues involved in the suit and to put prospective buyers on notice that they acquire any interest subject to the outcome

4

of the pending litigation.") (citing *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied)).

## B.    Expunction

A notice of lis pendens may be expunged, however, if certain procedures are followed and the trial court determines that the party filing the notice either has not pleaded a real-property claim or has not demonstrated the probable validity of the claim:

> (a) A party to an action in connection with which a notice of lis pendens has been filed may:
>
>> (1) apply to the court to expunge the notice; and
>>
>> (2) file evidence, including declarations, with the motion to expunge the notice.
>
> (b) The court may:
>
>> (1) permit evidence on the motion to be received in the form of oral testimony; and
>>
>> (2) make any orders the court considers just to provide for discovery by a party affected by the motion.

Tex. Prop. Code § 12.0071(a)–(b).  The Texas Property Code sets forth three circumstances in which the trial court must expunge a notice of lis pendens upon request by a party:

> (c) The court shall order the notice of lis pendens expunged if the court determines that:
>
>> (1) the pleading on which the notice is based does not contain a real property claim;

5

(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or

(3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c).

A real property claim is "an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (per curiam) (mem. op.) (citing Tex. Prop. Code § 12.007(a)). A real estate claim must "support the award of real property based on" the claim asserted. *See Chong*, 2019 WL 2589968, at *2-3 (relator's breach of contract claim was not a real property claim because it would result in damages only and not a claim to title to the property).

## C. No "Real Property Claim"

In his petition for writ of mandamus, relator argues that the trial court abused its discretion by denying his motion to expunge the lis pendens, asserting that the lis pendens does not state a real property claim. Relator maintains that RPI did not present any "evidence" in opposition to relator's motion to expunge lis pendens to prove the probable validity of a real property claim.

In its order, the trial court agreed, finding as follows:

After reviewing the Motion to Expunge Lis Pendens filed by Randy G. Calhoun, Defendant, on July 24, 2023, and considering the proof offered by the parties, ***the Court finds that the pleading on which the***

6

> ***notice of Lis Pendens is based does not contain a real property claim
> on 5512 Valerie Street, Houston Texas 77081 . . . .***

(emphasis added).  Notwithstanding this finding and the requirements of section 12.0071(c)(1), the trial court denied relator's motion to expunge lis pendens.  *See* Tex. Prop. Code § 12.0071(c)(1).  We find that real party in interest has not alleged a real property claim under section 12.0071(c) and relator is entitled to have the lis pendens expunged.  *See* Tex. Prop. Code § 12.0071(c)(1).  The trial court abused its discretion in denying relator's motion to expunge.  *See id.*

## IV.  Conclusion

Because the trial court abused its discretion by denying relator's motion to expunge lis pendens and denying reconsideration, we conditionally grant relator's petition for writ of mandamus and direct the trial court to: (1) vacate the trial court's August 15, 2023 order denying relator's motion to expunge lis pendens; (2) vacate the trial court's August 29, 2023 order denying relator's motion for reconsideration; and (3) grant the motion to expunge lis pendens.  The writ will issue only if the trial court fails to act in accordance with this memorandum opinion.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.